UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
In the Matter of the Claim of            :

ANGIE RAMOS,                             :

                Plaintiff,   :   <u>COMPLAINT AND DEMAND</u>
                                  <u>FOR JURY TRIAL</u>

     -against-                       :   04cv8603

THE CITY OF NEW YORK, Police Officer     :
PEDRO ROCHE, Sh. No. 12637, Police       :
Officers JOHN DOE, RICHARD ROE and       :
Sergeant JOYCE, Shield Number            :
Currently unknown,                       :

                Defendants.  :


-----------------------------------------X

<u>INTRODUCTION</u>

    1.   This is an action for monetary damages (compensatory and punitive) for the wrongful acts of defendants NEW YORK CITY, Police Officers PEDRO ROCHE, JOHN DOE, RICHARD ROE and NEW YORK CITY POLICE SERGEANT JOYCE all acting under color of state law and pursuant to their authority, in violation of plaintiff's rights under the Constitution and laws of the United States and the State of New York.

    2.   Plaintiff alleges that beginning on or about November 4, 2001, defendants committed wrongful and illegal acts against

plaintiff, including falsely arresting her, falsely imprisoning her, malicious prosecution, abuse of process, assault and battery, prima facie tort, violation of Civil Rights under 42 U.S.C. Section 1983, Conspiracy to violate Civil Rights under Section 42 U.S.C. 1983, Conspiracy to violate Civil Rights under 42 U.S.C. 1983, 1985, and 1986, negligence in failing to use such care in the performance of police duties as a reasonable and careful police officer would have used under the circumstances, intentional and/or negligent infliction of mental and emotional distress, negligence of the City of New York based upon its instruction of its police officers, <u>Monell</u> Claim, negligence in the hiring and retaining of incompetent and unfit police officers, negligence in the training and instruction, and supervision of its police officers, and violating plaintiff=s Federal and State civil rights.

<u>JURISDICTION</u>

3.  This action is brought under 42 U.S.C. Sections 1983, 1985, 1986 in conjunction with the Fourth and Fourteenth Amendments to the United States Constitution, and the Constitutional, statutory and common laws of New York State.

4.  Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions and

pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking redress for the violation of the plaintiff=s Constitutional and civil rights.

5. Plaintiff further invokes this Court's pendant jurisdiction over any and all state law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action, pursuant to 28 U.S.C. 1367.

6. Venue is proper in the United States District Court for the Southern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Southern District of New York.

7. Plaintiff demands a trial by jury on each and every one of her claims as pled herein.

<u>PARTIES</u>

8. At all times relevant hereto, plaintiff ANGIE RAMOS, was and is a citizen of the United States and resident of the County of New York, City of New York in the State of New York.

9. At all times relevant hereto, defendant NEW YORK CITY was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named defendants.

10.   Defendants JOHN DOE and RICHARD ROE are unknown police officers of the New York City Police Department, and acting under color of state law.   Plaintiff intends to discover the identity of these officers.   They are being sued in both their individual and official capacities.

11.   Defendant Sergeant JOYCE is a supervising police officer of the New York City Police Department, and acting under color of state law.   She is being sued in both her individual and official capacity.

12.   At all times relevant hereto and in all their actions described herein, the defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department, and New York City, pursuant to their authority as employees, servants and agents of the New York City Police Department within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents.

13.   At all times relevant hereto, the CITY OF NEW YORK was responsible for the training of its police officers, and supervisors particularly, and the unknown police officers whose identities plaintiff intends to discover.

14. At all times relevant hereto, the defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees of the New York City Police Department.

15. At all times mentioned herein, the Defendant CITY OF NEW YORK, knew or should have known of the bias, bad judgment, and other unlawful propensities of the officers involved in the violation of the plaintiff's civil rights.

16. At all times mentioned herein the defendant, CITY OF NEW YORK, knew or should have known of the discriminatory nature, bad judgment, carelessness and propensity for the reckless disregard for the truth, and other unlawful propensities of the officer involved in the violation of civil rights, assault, false arrest and false imprisonment and intentional infliction of mental and emotional distress of the plaintiff ANGIE RAMOS.

17. The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of the plaintiff.

**CONDITIONS PRECEDENT**

18. On or about October 21, 2002, the plaintiff's Notice of Claim was duly filed with the City of New York; said Notice

was filed within the ninety days after the causes of action accrued.  More than thirty days have elapsed since the filing of said Notice and this matter has not been settled or otherwise disposed of; plaintiff appeared for an examination pursuant to General Municipal Law Section 50(h)on August 8, 2002.

19. This action has been commenced within three years after the plaintiff=s various causes of action have accrued.

20. The plaintiff has duly complied with all of the conditions precedent to the commencement of this cause of action.

## FACTUAL BACKGROUND

21. On or about November 4, 2001, at approximately 8:30 a.m. plaintiff ANIGE RAMOS was lawfully in her home in the neighborhood of Harlem.

22.  At the aforementioned time and place Police Officer JOHN DOE assaulted and battered plaintiff by throwing plaintiff on the floor.

23.  Without cause or justification, one or more of these officers placed the plaintiff in handcuffs.

24.  At the aforementioned time and place Police Officer JOHN DOE assaulted and battered plaintiff by kicking plaintiff while she was in handcuffs.

25.  At the aforementioned time and place, without cause or justification, one or more of these officers arrested her, and brought her to the 23rd Precinct, Police officers JOHN DOE and RICHARD ROE falsely arrested ANGIE RAMOS for forcibly taking property from an alleged male victim.

26.  As a direct and proximate result of the actions of the Police Officer JOHN DOE plaintiff suffered injuries to her arms, back, face, and torso.

27.  As a direct and proximate result of the actions of the police officer defendants, plaintiff was falsely arrested.

28.  The plaintiff was then taken to Riker's Island, Rose M. Singer Center, at 19-19 East Hazen Street, Elmhurst, Queens.

29.  As a direct and proximate result of all defendants' actions, the plaintiff suffered and continues to suffer

compensatory damages, punitive damages, permanent damage to claimant's good name, shame, humiliation, indignity, degradation, damage to reputation and credit, loss of esteem, loss of personal security and liberty, traumatic stress, serious mental anguish, emotional and psychological distress and suffering and other psychological and physical injuries, including but not limited to injuries to claimant's torso and arms, including continuing numbness to the inside elbow area, injuries to the left rib area, including a permanent lump in the rib area, with severe pain and bruising at the time of injury and for many months thereafter, preventing and substantially interrupting her sleep, injuries to the legs, in the shin and thigh areas, with continuing evidence of bruising and discoloration of skin, as well as the loss of liberty for more than **nine months,** that by reason of the foregoing.

30. As a direct and proximate result of defendants' actions, plaintiff was arrested and detained without just or probable cause.

31. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the First, Fourth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

32.   Defendant CITY OF NEW YORK, and the New York City Police Department, knew or should have known, of the individual defendant officers' tendencies to commit perjury, make unlawful arrests, unlawful seizures, use excessive force, inappropriate language, and otherwise commit malicious reckless and wanton unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

33.   Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct police officers, including the defendant police officers, with regard to the rights of citizens, thereby causing the defendant officers in this case to engage in the unlawful conduct described above.

34.   Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers, train or otherwise direct police officers, including the defendants in this case, for violations of the constitutional rights of the persons within its domain, thereby causing police, including defendants in this case, to engage in the unlawful conduct described above.

35.   Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow

procedures for supervising and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased police officers from their duties.

36. Defendant CITY OF NEW YORK, and the New York City Police Department, knew or should have known that prior to November 4, 2001, the perpetration of unlawful arrests, the commission of perjury and other malicious, and inappropriate unlawful acts by defendant officers were occurring, in that it is believed that there may have been complaints of such unlawful conduct by these particular officers, but defendant CITY OF NEW YORK failed to take appropriate steps to eliminate such unlawful acts.

<u>CONDITIONS PRECEDENT</u>

37. On June 5, 2002, a Notice of Claim was served upon defendant CITY OF NEW YORK, setting forth:

1. The name and post office address of the Claimant and her attorney;

2. The nature of the claim;

3. The time when, the place where, and the manner in which the claim arose;

4. The items of damages and injuries sustained so far as practicable.

38.  The Notices of Claim were served upon the defendant CITY within ninety (90) days after plaintiff's several causes of action accrued.

39.  More than thirty days have elapsed since the Notice of Claims were served upon defendant CITY OF NEW YORK.

40.  The CITY OF NEW YORK and its comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claim of the plaintiff herein.

41.  The plaintiff has submitted to an inquiry concerning the justness of his claims as provided by section 50-H of the General Municipal Law.  Said hearing was conducted on [date].

42.  This action has been commenced within one year and ninety (90) days after various causes of action have accrued.

43.  Plaintiff has duly complied with all of the conditions precedent to the commencement of this cause of action.

<u>FOR A FIRST CAUSE OF ACTION</u>
VIOLATION OF CONSTITUTIONAL RIGHTS
(Defendants ROCHE, DOE, and ROE)

44.  Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-43 of this complaint, as though fully set forth herein.

45.  The actions of the defendants ROCHE, DOE, and ROE, all members of the New York City Police Department, and acting under

color of state law, deprived the plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States, in particular the rights to be secure in his person and property, to be free from the deprivation of liberty without due process of law, and the concomitant rights to be free from false arrest, false imprisonment, malicious prosecution, assault and battery and the intentional and/or negligent infliction of emotional distress,.

46. By these actions, these individual defendants have deprived plaintiff of rights secured by the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Sections 1983, 1985, 1986 for which the defendants are individually liable.

47. Defendants, PEDRO ROCHE, JOHN DOE and RICHARD ROE subjected plaintiff to these deprivations of his right either maliciously or by acting with a reckless disregard for whether plaintiff's rights would be violated by their actions.

48. As a direct and proximate result of the acts of Defendants PEDRO ROCHE, JOHN DOE and RICHARD ROE plaintiff endured great mental anguish and suffering, and was wrongfully deprived of her physical liberty.

<u>FOR A SECOND CAUSE OF ACTION</u>

VIOLATION OF CONSTITUTIONAL RIGHTS

49.    Plaintiff  repeats  and  re-alleges  the  allegations contained in paragraphs 1-48 of this complaint, as though fully set forth herein.

50.    Defendant  Sergeant  JOYCE  displayed  a  deliberate indifference to the illegal conduct of the defendant officers under her supervision by failing to discipline these officers in any way for their illegal conduct, both with respect to the plaintiff, and prior to their encounter with the plaintiff, and by permitting these officers to charge plaintiff with serious violent felony and other crimes, even though defendant JOYCE knew him to be innocent of any wrongdoing.  By these actions and omissions, defendant JOYCE is in violation of 42 U.S.C. Sections 1983, 1985, 1986 for which she is individually liable.

FOR A THIRD CAUSE OF ACTION

VIOLATION OF CONSTITUTIONAL RIGHTS

51.  Plaintiff  repeats  and  re-alleges  the  allegations contained in paragraphs 1-9 of this complaint, as though fully set forth herein.

52.  Defendant CITY OF NEW YORK and the New York City Police  Department,  through  then  New  York  City  Police Commissioner,  as  a  municipal  policy  maker,  in  the  hiring,

training and supervision of its employees, agents and servants, have pursued a policy and custom of deliberate indifference to the unlawful conduct of the defendant officers under their supervision by failing to discipline these officers in any way for their illegal conduct, both with respect to the plaintiff, and prior to their encounter with the plaintiff, and by permitting these officers by permitting these officers to arrest the plaintiff on a warrant without adequate verification that the person seized and arrested was in fact the actual person wanted by the court.

53. By these actions, defendant CITY OF NEW YORK has deprived plaintiff of rights secured by the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

54. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of defendant, the CITY OF NEW YORK, the NEW YORK CITY POLICE DEPARTMENT, defendants PEDRO ROCHE, JOHN DOE and RICHARD ROE, Sergeant JOYCE committed the unlawful acts referred to above and thus, all defendants are liable for plaintiff's injuries.

## FOR A FOURTH CAUSE OF ACTION

### FALSE ARREST AND FALSE IMPRISONMENT

(Defendants PEDRO ROCHE JOHN DOE, RICHARD ROE, Sergeant JOYCE)

55. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-54 of this complaint, as though fully set forth herein.

56. Plaintiff was falsely held and imprisoned for more than **nine months** as a result of her false arrest.

57. This false imprisonment was perpetrated against plaintiff by defendant CITY OF NEW YORK and its employees, servants or agents, including defendants PEDRO ROCHE, JOHN DOE, RICHARD ROE, Sergeant JOYCE employed by the defendant CITY OF NEW YORK and the New York City Police Department, and on behalf of their employer, defendant CITY OF NEW YORK and the New York City Police Department.

58. This Court has pendant jurisdiction to hear and adjudicate such claims.

59. As a result of the aforesaid occurrence, plaintiff was caused to and did suffer the damages and injures aforesaid. All Defendants are liable for said damages and injuries.

## FOR A FIFTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Defendants PEDRO ROCHE, JOHN DOE, RICHARD ROE, Sergeant JOYCE)

60. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-59 of this complaint, as though fully set forth herein.

61. Defendants PEDRO ROCHE, JOHN DOE, RICAHRD ROE, acting within the scope of their employment, "under color of law", and on behalf of their employer, defendant CITY OF NEW YORK, the New York City Police Department, intentionally or recklessly engaged in extreme and outrageous conduct which caused plaintiff mental and emotional distress, resulting in non-economic damage. All defendants are liable for said non-economic damage.

AND AS FOR A SIXTH CAUSE OF ACTION

NEGLIGENCE

(ALL DEFENDANTS)

62. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-61 of this complaint, as though fully set forth herein.

63. Defendant CITY OF NEW YORK owes a duty to plaintiff to adequately screen prospective police officers, and to train and supervise and otherwise control its police officers in the use of their power to arrest, and other matter incidental to the exercise of police functions, The CITY OF NEW YORK failed to

provide adequate screening, training, supervision, and control of the individual defendants, with failure constitutes negligence.

64. The CITY OF NEW YORK owed a duty to plaintiff to adequately screen prospective employees of the New York City Department of Corrections, and to train and supervise and otherwise control said employees with respect to their assessing the validity of possible warrants which might form basis for detaining individuals, and to train and supervise and otherwise control said employees in the duty to promptly carry out the lawful orders of a New York State Supreme Court Judge.  The CITY OF NEW YORK failed to provide adequate screening, training, supervision and control of the individual defendants, which failure constitutes negligence.

65. Defendants CITY OF NEW YORK and the New York City Police Department and the New York City Department of Corrections, and their agents, servants and/or employees failed to exercise reasonable care in the hiring, training, disciplining, supervising, and retention of Defendants PEDRO ROCHE, JOHN DOE and RICHARD ROE.

66. By reason of the foregoing, plaintiff suffered the damages and injuries aforesaid. Defendant CITY OF NEW YORK and

all the individual defendants are liable for said damages and
injuries.

AND AS FOR A SEVENTH CAUSE OF ACTION

42 U.S.C. Section 1983 : MONELL CLAIM

(Defendant CITY OF NEW YORK)

67. Plaintiff repeats and re-alleges the allegations
contained in paragraphs 1-66 of this complaint, as though fully
set forth herein.

68. Prior to September 11, 2001, defendant CITY OF NEW
YORK, developed and maintained policies and customs exhibiting
deliberate indifference to the constitutional rights of its
citizens, which caused the violations of the plaintiff's rights.

69. It was the policy and/or custom of the defendant CITY
OF NEW YORK to investigate inadequately and improperly civilian
complaints of police misconduct.  Instead, acts of brutality and
perjury were tolerated by the defendant CITY OF NEW YORK. The
Internal Affairs Bureau (IAB) and the Civilian Complaint Review
Board (CCRB) have substantially failed to investigate deliberate
misconduct.  Since the CCRB became independent in 1993, although
it has received approximately 48,000 complaints, the New York
Police Department has dismissed less than ten officers, that is,

usually about one officer per year, as a result of a CCRB investigation.

70. IAB investigations of brutality rarely lead to administrative trials, and when they do and the charges are somehow sustained, the punishment is minimal, lacking any true deterrent effect. Since there is no disciplinary sanction available between thirty days suspension and dismissal, and dismissal almost always is deemed too harsh, even the most brazen acts of brutality, short of murder, are resolved with a slap on the wrist.

71. The defendant CITY OF NEW YORK has been on notice for more than a generation that brutality is widespread and that particular reforms need to be implemented. From reform-minded Commissioner Patrick Murphy to the Mollen Commission twenty-five years later, the defendant CITY OF NEW YORK has been repeatedly cautioned that a systemic tolerance for brutality flourishes throughout the New York City Police Department.

72. The Mollen Commission report noted, "This tolerance, or willful blindness, extends to supervisors as well. This is because many supervisors share the perception that nothing is really wrong with a bit of unnecessary force and because they

believe that this is the only way to fight crime today." Mollen Comm. Report, at 49.

73. It was the policy and/or custom to supervise and discipline officers inadequately, including the defendant officers, thereby failing to discourage constitutional violations on the part of its police officers.

74. Police officers of the defendant CITY OF NEW YORK have for years engaged in a pattern and practice of actively and passively covering up the misconduct of fellow officers by failing to come forward or failing to accurately give evidence as to misconduct of which they are aware, thereby establishing and perpetuating a "code of silence."

75. This "code of silence" is a custom deeply ingrained in the members of the New York City Police Department so as to constitute the actual policy of the defendant CITY OF NEW YORK.

76. The defendant CITY OF NEW YORK has been deliberately indifferent to the need for more or different training, rules and regulations relating to police officers who witness or have information regarding misconduct by fellow officers.

77. The defendant CITY OF NEW YORK has failed to properly sanction or discipline officers who are aware of and subsequently conceal and/or aid and abet violations of

constitutional rights of citizens by other New York City police officers, thereby causing and encouraging New York City police officers, including the individual defendant officers in this case, to violate the rights of citizens such as the plaintiff.

78.  It is believed the City has maintained no system or an inadequate system of review of officers who withhold knowledge or give false information regarding misconduct by fellow officers.  This failure to identify and track such officers, including the defendant officers, or to discipline, more closely supervise, and continue to retain such officers who engage in the "code of silence," causes New York City police officers to believe that they can engage in misconduct, secure in the knowledge that their fellow officers will neither intervene, nor give evidence against them.  These systemic deficiencies include, but are not limited to:

a.  Preparation of investigative reports designed to vindicate the conduct of officers who gave false information about the misconduct of other officers, or who falsely denied knowledge about misconduct that they were in a position to observe;

b.  Preparation of investigative reports which uncritically rely solely on the word of police

officers and which systematically fail to credit testimony of non-police witnesses;

c.    Preparation of investigative reports that omit or ignore factual information and physical evidence which contradicts the accounts of police officers;

d.    Issuance of public statements exonerating officers involved in such incidents prior to the completion of the investigation;

e.    Failure to have meaningful review of investigative reports by responsible superior officers for accuracy or completeness, including consideration of the conduct of officers who were not actively engaged in the misconduct which was the subject of the investigation, and acceptance of conclusions which are not supported by the evidence or which contradict such evidence; and

f.    Failure to identify potential "code of silence" violations and maintain accurate records of allegations of such misconduct.

g. Issuance of false or misleading statements to the press to impugn the credibility and character of abused citizens.

79. The defendant CITY OF NEW YORK, prior to and at the time of this incident, was aware of the need for more or different training, rules, regulations, investigation and discipline relating to police officers who practice the "code of silence," and was deliberately indifferent to that need.

80. The foregoing acts, omissions, systemic deficiencies and deliberate indifference to the danger of harm to citizens like the plaintiff and the need for more or different training and discipline are policies, practices and customs of the defendant CITY OF NEW YORK and have caused police officers, including the officer defendants in this case, to believe that they can violate the rights of citizens with impunity, and that their fellow officers would conceal such conduct, including swearing falsely and committing perjury, all with the foreseeable result that officers are more likely to violate the constitutional rights of citizens.

81. As a direct and proximate result of the defendant CITY OF NEW YORK'S aforementioned practices, policies and customs of deliberate indifference to police misconduct, defendant CITY OF

NEW YORK violated the plaintiff's constitutional rights for which she suffered substantial damage.

<u>PRAYER FOR RELEIF</u>

**WHEREFORE,** Plaintiff request the following relief:

a. Compensatory damages in the amount of Nine Million ($9,000,000) dollars.

b. Punitive damages in the amount of One Million ($1,000,000) dollars.

c. Reasonable attorneys fees and costs; and

d. Such other and further relief as appears reasonable and just.


DATED:  New York, New York
        February, 2003



                                        Respectfully,


                                        _____
                                        JOANNE M. DWYER, Esq.
                                        Attorney for Plaintiff
                                        225 Broadway, 41st Floor
                                        New York, NY 10007
                                        (212) 233-0591
                                        Attorney for Plaintiff

Case No.  03 CV

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF  NEW YORK

ANGIE RAMOS,

                              Plaintiff,

          -against-

THE CITY OF NEW YORK, Police Officer
PEDRO ROCHE, Sh. No. 12637, Police
Officers JOHN DOE, RICHARD ROE and
Sergeant JOYCE, Shield Number

Currently unknown,

                              Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

*JOANNE  M. DWYER*
*Attorney for Plaintiff*
*225 Broadway, 41st Floor*
*New York, N.Y.  10007*
*Tel:  (212) 233-0591*