UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ANGIE RAMOS,

                          Plaintiff,

          -against-

THE CITY OF NEW YORK, Police Officer PEDRO
ROCHE, Sh. No. 12638, Sergeant F/N/U JOYCE,
Shield Number Currently Unknown, Police Officers
JOHN DOE, RICHARD ROE, MICHAEL MOE,
each individually and in their official capacity as
police officers, and the NEW YORK CITY
DEPARTMENT OF CORRECTION WARDEN
COE, individually and in his/her official capacity as
a correction officer,

                          Defendants.

------------------------------------------------------------------------x

**ANSWER**

04 CV 8603 (MBM)

**JURY TRIAL DEMANDED**

        Defendants City of New York, Pedro Roche, and John Joyce, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

        4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this court.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to properly base venue as set forth therein.

6. The allegations set forth in paragraph "6" of the complaint are not factual averments to which a response is required.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York is a municipal corporation that maintains police and correction departments; and respectfully refer the Court to the New York City Charter for a general statement of the functions of the police and correction departments.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that defendant Pedro Roche was and is a New York City Police Officer, and that plaintiff purports to proceed as set forth therein.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning "Doe" and "Roe" defendants set forth in paragraph "10" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

11. Deny the allegations set forth in paragraph "11' of the complaint, except admit that defendant John Joyce was a New York City Police Sergeant, and that plaintiff purports to proceed as set forth therein.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning "Warden Coe" set forth in paragraph "12" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

13. The allegations set forth in paragraph "13" of the complaint constitute legal conclusions to which no response is required.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint, except that a purported Notice of Claim was received by the City and that a hearing was conducted.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit that plaintiff commenced this action on or about October 29, 2004.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint, except admit that plaintiff was arrested on November 4, 2001.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint, except admit that plaintiff was taken to Bellevue Hospital.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "39," as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. In response to the allegations set forth in paragraph "46" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "45," as if fully set forth herein.

- 5 -

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. In response to the allegations set forth in paragraph "52" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "51," as if fully set forth herein.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. In response to the allegations set forth in paragraph "58" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "57," as if fully set forth herein.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. In response to the allegations set forth in paragraph "63" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "62," as if fully set forth herein.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the complaint.

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. Deny the allegations set forth in paragraph "74" of the complaint and all subparts.

75. Deny the allegations set forth in paragraph "75" of the complaint.

76. Deny the allegations set forth in paragraph "76" of the complaint.

77. Deny the allegations set forth in paragraph "77" of the complaint.

78. In response to the allegations set forth in paragraph "78" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "77," as if fully set forth herein.

79. Deny the allegations set forth in paragraph "79" of the complaint.

80. Deny the allegations set forth in paragraph "80" of the complaint.

81. In response to the allegations set forth in paragraph "81" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "80," as if fully set forth herein.

82. Deny the allegations set forth in paragraph "82" of the complaint.

83. Deny the allegations set forth in paragraph "83" of the complaint.

84. Deny the allegations set forth in paragraph "84" of the complaint.

85. Deny the allegations set forth in paragraph "85" of the complaint.

86. Deny the allegations set forth in paragraph "86" of the complaint.

87. Deny the allegations set forth in paragraph "87" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

88. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

89. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

90. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

91.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the conduct of intervening third parties and was not the proximate result of any act of defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

92.     Plaintiff has failed to comply with New York General Municipal Law § 50-e.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

93.     Punitive damages cannot be assessed against the City of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

94.     This action is barred in whole or in part by the applicable statutes of limitations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

95.     The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

96.     There was probable cause for plaintiff's purported arrest/detention and/or search.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

97.     The purported use of force was objectively reasonable and justified.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

98.     Plaintiff has failed to exhaust her administrative remedies under the PLRA.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

99. Plaintiff provoked the incidents set forth in the complaint.

**WHEREFORE**, defendants City of New York, Pedro Roche, and John Joyce request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       March 1, 2005

                                          MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                            City of New York
                                        Attorney for Defendants
                                        100 Church Street
                                        New York, New York  10007
                                        (212) 788-0845

                                        By: _____
                                            PHILLIP KIM (PK 9384)
                                            Assistant Corporation Counsel

To:    Joanne M. Dwyer, Esq.
        *Attorney for Plaintiff*
        225 Broadway, 41st Floor
        New York, New York 10007
        (212) 233-0591

Index No. 04 CV 8603 (MBM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGIE RAMOS,

                                      Plaintiff,

-against-

THE CITY OF NEW YORK, Police Officer PEDRO ROCHE, Sh. No. 12638, Sergeant F/N/U JOYCE, Shield Number Currently Unknown, Police Officers JOHN DOE, RICHARD ROE, MICHAEL MOE, each individually and in their official capacity as police officers, and the NEW YORK CITY DEPARTMENT OF CORRECTION WARDEN COE, individually and in his/her official capacity as a correction officer,

                                      Defendants.

## ANSWER

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Phillip Kim*
*Tel: (212) 788-0845*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ......................................................, 200......*

*............................................................................ Esq.*

*Attorney for ...............................................................*

## DECLARATION OF SERVICE BY MAIL

I, PHILLIP KIM, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on MARCH 1, 2005, I served the annexed ANSWER upon the following counsel of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to plaintiff's attorney of record at the address set forth below, being the address designated by *plaintiff's attorney of record* for that purpose:

>   Joanne M. Dwyer, Esq.
>   *Attorney for Plaintiff*
>   225 Broadway, 41st Floor
>   New York, New York 10007

Dated:    New York, New York
          March 1, 2005

_____
PHILLIP KIM
ASSISTANT CORPORATION COUNSEL